[*Submitting counsel listed on signature page*.]

May 12, 2014

*Via ECF System*

Hon. Jacqueline Scott Corley
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:     Discovery Dispute in *Livingston v. Art.com et al.*, No. 3:13-cv-03748-JSC

Dear Magistrate Judge Corley:

<u>**PLAINTIFF'S POSITION**</u>

      Parties file this joint letter to the Court to resolve a dispute regarding (1) the scope of discovery requested and (2) the continuance of Plaintiff's opposition to Defendants' motion for partial summary judgment.

<strong>SEQUENCE OF EVENTS</strong>

      The primary issue whose early determination will help resolve this case promptly is a determination of whether the Plaintiff is entitled to statutory damages.  It is the sole reason why the Parties are still unable to settle, despite the abundance of evidence that clearly demonstrate infringement.  The Court understood the importance of this issue and in the March 20, 2014 Case Management Conference Order set forth a briefing schedule to determine the availability of statutory damages. (Exhibit 1 – May 20, 2014 Order).  The Court also ordered the parties to "cooperate in the production of such discovery without the need for formal requests." *Id.*

      On April 22, 2014, Plaintiff served on Defendants discovery (Exhibit 2 – Plaintiff's discoveries served on Defendants) related to the issue of statutory damages.  The discovery requests were drafted and served as quickly as Plaintiff's schedule permitted, despite the fact the Court did not specify a deadline to serve the discovery.  On April 24, 2014, pursuant to the March 20, 2014 Case Management Conference Order, Defendants filed a motion for partial summary judgment (Exhibit 3 – Defendants' Motion for Partial Summary Judgment) addressing the availability of statutory damages, punitive damages, and attorney fees.  This sequence of events caused the due dates for the discovery response and the Plaintiff's Opposition to Defendants' motion for partial summary judgment to coincide, leaving Plaintiff without the opportunity to review Defendants' responses prior to the date Plaintiff's Opposition is due.

      On May 1, 2014, a little more than one week after the discovery requests were served, Defendants communicated to Plaintiff in a letter (Exhibit 4 – May 1, 2014 letter from Defendants' counsel to Plaintiff's counsel) that they believed the discovery was outside the

scope of the issues raised in their motion for partial summary judgment.  Unable to resolve the dispute, and in an effort to move the case forward, the Parties agreed on a schedule to draft this letter to the Court.  The Parties agreed Plaintiff would have from Tuesday May 5th to Thursday May 8th (3 days) to draft their portion of the letter and the Defendants would have from Thursday May 8th to Monday May 12th (5 days) to draft their portion of the letter.

## RELIEF SOUGHT BY PLAINTIFF

Plaintiff respectfully requests the Court extend the date Plaintiff's opposition brief is due because without adequate time to review Defendants' discovery responses, the Plaintiff cannot properly respond to the Defendants' motion on the central issue in this case – statutory damages.  Moreover, the Plaintiff also respectfully requests the Court to resolve the Parties dispute regarding the scope of discovery -- namely that Plaintiff's requests are within the issues raised in the Defendants' motion for partial summary judgment -- and that the Defendants' position is unreasonable since they do not even articulate the specific requests that are outside the scope.

### *Scope of Discovery*

It is Plaintiff's contention that the discovery requests pertain to the facts surrounding the commencement or continuation/cessation of the infringement, issues directly related to the availability of statutory damages.[1]  It is Defendants' contention that the discovery requests pertain to the facts surrounding infringement and not the aforementioned issues.  However, Defendants never identified in their May 1st letter or in the subsequent telephone conference the specific requests that were outside the scope of the issues raised in their motion.  The only statement made was that any discovery requests regarding, "entities owned or assigned rights in the Photograph, whether Art.com and Culturenik obtained a license to reproduce or sell copies of the Photograph, whether Art.com or Culturenik was aware of Plaintiff's purported ownership of copyright in the Photograph," was not within the scope of issues raised in their motion.[2]

---

[1] The motion for partial summary judgment addresses the central issue in this case – the availability of statutory damages.  To determine whether statutory damages are available the Court must determine (1) when infringement began and (2) whether the infringement was continuous.  "A plaintiff may elect to recover statutory damages and attorneys' fees if the alleged infringement commenced after registration."  17 U.S.C. § 412.  "Commence," means the first act in a series of continuing infringements.  *Andrew v. Poof Apparel*, 528 F.3d 696, 701 (9th Cir. 2008).

[2] Defendants' counsel also sent Plaintiff's counsel a letter on May 7, 2014 in which they now agree to answer some of the discovery requests and claim the remainder of the requests, particularly those pertaining to as they define it, "obtain[ing] a valid license" and "[Defendants'] awareness of Plaintiff's purported ownership" are outside the scope of discovery.  Again, Plaintiff's argue that if the Court were to limit Plaintiff's discovery requests in this manner, it will (1) significantly deny Plaintiff the opportunity to show that the Defendants' engaged in new

(continued…)

In response to Defendants' letter, the parties engaged in a teleconference to discuss the scope of discovery and continuance of Plaintiff's opposition to Defendants' motion for partial summary judgment.  Unfortunately, the "meet and confer" effort proved to be futile because the Defendants were unwilling to specify which requests were outside the scope and provide any substantive explanation to support their contention other than the fact the requests are relevant only to the issue of infringement.  In response, Plaintiff argued that all the requests, including those related to: the assignment rights in the Photograph, licenses, and Defendants' awareness of Plaintiff's copyright ownership, were necessary to determine when the infringement *commenced* and if in fact the infringement was *continuou*s.  For example, if the Photograph was never assigned then it supports the argument that any infringement that began after the termination of rights is a new infringement and not continuous.  In addition, not only do the requests help determine whether statutory damages are available but also the amount of statutory damages that the Plaintiff is permitted to recover.

Furthermore, in Defendants' motion for partial summary judgment, Defendants argued, "Plaintiff may not recover statutory damages because the alleged infringement commenced before the Photograph's effective date of registration and continued until the filing of this lawsuit."  *See Exhibit 3.*  To support their argument Defendants rely upon declarations and documents, which were attached as exhibits to their motion.  For example, Peter Smith's Declaration, which Defendants rely in support of their motion, frequently states, "it is my understanding" of the document or makes reference to a "business record" etc.  Shouldn't Plaintiff be given the opportunity to obtain these records and documents to ascertain whether the understanding or conclusion is correct?  Defendants conveyed to Plaintiff that the declarations should be taken as fact and then suggested that they serve as a substitute for the discovery requested stating, that "the declarations attached to Art.com's and Culturenik's motion already provide much of the information sought by Plaintiff's discovery requests."  *See Exhibit 4.*  This simply undermines Plaintiff's right to present evidence to dispute Defendants' assertions.

Although the declarations may provide some of the answers to Plaintiff's discovery requests, the Plaintiff explicitly requested Defendants provide *all* the facts and documents they base their contentions.  For example, the declarations Defendants attached to their exhibit make reference to other documents and facts like the change in Defendants' corporate structure, the "Marilyn by Moonlight" book by Jack Allen, the infringing sales that occurred before registration, and the specific photographs that correspond to the Defendants internal identification numbers.  If Defendants are relying upon certain statements and documents related to facts surrounding the commencement and continuation/cessation of the infringement, it is reasonable for the Plaintiff to request such documents because they are within the scope.

---

infringements after a period of cessation; (2) limit the Plaintiff's opportunity to dispute Defendants' claim that there was a continuation of infringement; and (3) limit Plaintiff's opportunity to dispute Defendants' argument that their infringement commenced and was pursuant to a license agreement between Jack Allen and Classico San Francisco.

### *Continuance of Plaintiff's Opposition*

To effectively oppose Defendants' position, Plaintiff not only requires the requested discovery but adequate time to review the response before Plaintiff's opposition is submitted to the Court. During a teleconference with Defendants' attorneys to discuss a continuance on the date Plaintiff's opposition must be filed, Defendants' sole argument was that Plaintiff waited 33 days to serve the discovery on the Defendants. Plaintiff believes this position is unreasonable because the Court never specified a deadline for discovery to be served. What the Court did specify, however, was for the parties to "cooperate in the production of such discovery without the need for formal requests." *See Exhibit 1*. Plaintiff served the request as quickly as schedule permitted as solo practitioners. Yet, Defendants' are simply trying to take advantage of a technicality to rush through the single most important issue in this case – statutory damages, rather than behave in a manner that will lead to the fair and proper resolution of this issue.

In summary, for these reasons stated above, Plaintiff respectfully requests the continuance of Plaintiff's opposition to Defendants' motion for partial summary judgment and for the Court to find that Plaintiff's discovery requests are within the scope of discovery set forth in the March 20, 2014 Case Management Conference.

### <u>DEFENDANTS' POSITION</u>

This discovery dispute should not have been necessary. Defendants Art.com, Inc. and Culturenik Publishing, Inc. (collectively, "Defendants"), with the agreement of Plaintiff and consistent with the Court's March 20, 2014 Order (Dkt. 45), filed an early motion for partial summary judgment on a narrow issue that the parties agree is critical to resolution of this case— whether or not statutory damages under the Copyright Act are available as a matter of law. Despite knowing the schedule set by the Court on March 20, Plaintiff chose not to seek prompt discovery on relevant issues consistent with the Court's Order, but instead waited over a month before initiating overbroad discovery and then refused to narrow his requests. As explained below, Defendants have already agreed to respond on an expedited basis to those requests that are actually relevant to the narrow summary judgment motion. The additional discovery Plaintiff seeks is not relevant to the pending motion, and there is no basis for continuing the motion dates.

In their pending summary judgment motion (Dkt. 46), Defendants argue that, *even if* Plaintiff can establish infringement, Section 412 of the Copyright Act bars any award of statutory damages or attorney's fees because Plaintiff failed to register copyright in the photograph at issue (the "Photograph") either (a) within three months of its first publication or (b) before commencement of the alleged series of infringements. *See* 17 U.S.C. § 412.[3] As discussed at the March 20 Case Management Conference, if the motion is granted, Plaintiff's

---

[3] The motion also argues that Plaintiff's conversion claim is preempted by the Copyright Act, removing any legal basis for Plaintiff's prayer for punitive damages (which are unavailable on a copyright infringement claim). Plaintiff does not assert his conversion claim as justification for any discovery in dispute, so we do not address it further here.

total possible recovery would be in the range of $3,000 to $6,000—*if* he establishes infringement.

In the interest of reaching an efficient resolution, the Defendant's motion presents a narrow set of issues for the Court to decide. The key questions raised by the motion are: (1) the date of the Photograph's first publication; (2) the effective date of the Photograph's copyright registration; (3) the date on which the alleged series of infringements initially commenced; and (4) whether such alleged infringements continued up through the filing of this action. *See* Dkt. 46 at 11–16; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699–702 (9th Cir. 2008). The first two of these questions are answered definitively on the face of Plaintiff's copyright registration, attached to the Complaint. The second two questions relate to the timing and continuity of Defendants' reproductions and sales of the Photograph—namely, when the alleged acts of infringement began, who performed them, and how long they continued.

*Not* at issue here are the other factual and legal questions typically involved in litigating a claim for copyright infringement. In particular, for present purposes, the motion assumes infringement, so it is irrelevant at this stage whether Plaintiff owns a valid copyright in the Photograph or whether Defendants' uses of the Photograph were authorized or unauthorized. Also not at issue is whether Defendants acted willfully—that is, whether they were aware of or inquired into Plaintiffs' purported rights in the Photograph. Although willfulness can increase the available range of statutory damages (which is not raised by the motion), it is not relevant to whether statutory damages are *available* under Section 412 as a matter of law. Defendants intentionally limited the motion in this way so as to resolve the statutory damages issue—which Plaintiff describes above as "the sole reason why the Parties are still unable to settle"—without burdening either side with unnecessary additional discovery or briefing at this time.

At the March 20 Case Management Conference, Defendants explained specifically their anticipated motion as to statutory damages, punitive damages, and attorney's fees, and all parties agreed this narrow motion should be resolved early. The Court suggested, and the parties agreed to, a briefing schedule for that motion, with Defendants filing the motion on April 24, Plaintiff filing his opposition on May 22, Defendant replying on June 5, and a hearing on June 26, 2014.

On March 20, the Court issued an Order providing that: (i) "[t]he parties may immediately commence discovery"; (ii) the parties "should cooperate . . . without the need for formal written requests"; and (iii) discovery was to be "limited to the issues raised by the motion for summary judgment." Plaintiff has ignored this Order entirely, and now seeks relief from the Court as a result. As Plaintiff acknowledges, he did not commence discovery immediately in light of the Court's Order. And when he did commence discovery, on April 22 (33 days after the Court's Order and only two days before Defendants' motion was due), Plaintiff did not seek such discovery through informal means as permitted by the Court, but instead served on both Defendants lengthy requests for admissions, interrogatories, and document requests, explicitly asking for responses 30 days later as provided by the applicable Federal Rules of Civil Procedure. *See* Ex. 2. Nor did Plaintiff's requests seek discovery "limited to the issues raised by the motion for summary judgment," as explained below.

Upon reviewing Plaintiff's discovery requests, Defendants recognized that their responses would be due May 22, the same day that Plaintiff's opposition to the motion is due pursuant to the Court's March 20 Order.  In an attempt to comply with the letter and spirit of the Court's Order, Defendants emailed Plaintiff on May 1 a letter explaining this and suggesting the parties meet and confer to discuss the specific "discovery Plaintiff needs to respond to 'the issues raised by the motion for summary judgment,' and how Defendants Culturenik and Art.com can cooperate in providing such information."  Ex. 4 at 2 (quoting Court's March 20 Order).

During counsel's telephone conference on May 5, Defendants suggested to Plaintiff that the parties discuss each request, which they started to do.  Yet when Defendants began to identify specific requests to which Defendants objected, Plaintiff immediately stated that Defendants were not entitled to take a position as to which requests were permissible under the Court's Order; Plaintiff also stated (as he does above) that *all* of his requests were within the scope of discovery allowed by the Court.  *See* Ex. 5 at 2–3.  In addition, Plaintiff asked that Defendants agree to continue the briefing and hearing dates for the pending motion.  Defendants responded that a continuance was not justified based on Plaintiff's delay in serving discovery, and that, in any event, it was still feasible for Plaintiff to receive all requested discovery that was *relevant* to the motion in advance of the May 22 due date for his opposition.  Plaintiff insisted that the parties raise this dispute with the Court by joint letter.  *See* Ex. 5.

In a further effort to provide Plaintiff with relevant discovery on the schedule set by the Court, Defendants followed up that May 5 conference call with a letter on May 7 setting out in further detail Defendants' objections to Plaintiff's discovery requests.  *See* Ex. 6.  As explained in that letter, Plaintiff's discovery requests fall into four general categories:

(a) Requests relating to whether Art.com, Culturenik, or their predecessors-in-interest owned rights in the Photograph or obtained a valid license to use the Photograph.  *See, e.g.*, Art.com RFA Nos. 1, 11, 23; Art.com Interrogatory Nos. 5, 8; Culturenik RFA Nos. 1, 10, 19; Culturenik Interrogatory Nos. 2, 5.

(b) Requests relating to whether Art.com, Culturenik, or their predecessors-in-interest were aware of, or inquired into, Plaintiff's purported ownership of the Photograph or Plaintiff's claims that Defendants had infringed such rights in the Photograph.  *See, e.g.*, Art.com RFA Nos. 19, 20, 22; Culturenik RFA Nos. 14, 16, 18.

(c) Requests relating to the reproduction and sale of copies of the Photograph by Art.com, Culturenik, and their predecessors-in-interest.  *See, e.g.*, Art.com RFA Nos. 3, 4, 25; Art.com Interrogatory No. 2; Culturenik RFA No. 21.

(d) Requests relating to the corporate structure and history of Art.com, Culturenik, and their predecessors-in-interest.  *See, e.g.*, Art.com RFA Nos. 7, 10; Culturenik RFA Nos. 2, 5.

Defendants explained in their May 7 letter that, given the limited scope of the motion, categories (a) and (b) are not properly "limited to the issues raised by the motion for summary judgment" as ordered by the Court.  The requests in category (a) are relevant only to whether Defendants infringed the Photograph, and the requests in category (b) are relevant only to

whether Defendants acted willfully in their alleged infringement—neither of which is at issue in the motion for the reasons explained above.

In contrast, as also set out in Defendants' May 7 letter, requests within categories (c) and (d) above *are* arguably relevant to the pending motion, as they are relevant to either when the series of Defendants' alleged infringements commenced or whether these alleged infringements continued up through the filing of this action. *See* Ex. 6. Accordingly, the letter stated that Defendants would respond to specified requests relevant to these issues, subject to appropriate objections, on an expedited basis (even though Plaintiff has never asked Defendants to accelerate their responses).[4] Defendants will serve such responses by this Thursday, May 15, a full week before Plaintiff's opposition is due. *See* Ex. 6.

Defendants respectfully submit that Plaintiff's remaining requests are outside the scope of the Court's March 20 Order and so not properly the subject of discovery at this time.[5] As explained above, the motion assumes infringement—and thus assumes that Defendants' acts were not authorized—so information as to whether Defendants obtained rights in the Photograph is irrelevant at this stage. Plaintiff asserts above that requests regarding "the assignment rights in the Photograph, licenses, and Defendants' awareness of Plaintiff's copyright ownership" are somehow "necessary to determine when the infringement *commenced* and if in fact the infringement was *continuous*." Yet Plaintiff fails to explain how the grant or revocation of a purported assignment or license from one infringing party to another would affect either party's status as an infringer. A party that has no rights in a copyrighted work cannot, by definition, grant a valid assignment or license in that work, so whether such a party *purports* to grant an assignment or license likewise cannot be relevant. Rather, determining when infringement commenced and whether it was continuous depends on the acts themselves (here, Defendants' reproductions and sales of copies of the Photograph), including when those acts were performed, by whom, and for how long they continued—in other words, the subjects covered by the requests in categories (c) and (d) above, as to which Defendants have already agreed to provide expedited responses.[6]

---

[4] Specifically, Art.com has agreed to respond to Art.com RFA Nos. 2, 3, 4, 6, 7, 9, 10, 14, 15, 21, and 25; Art.com Interrogatory Nos. 1–4; and Art.com RFP Nos. 1 and 2. Culturenik has likewise agreed to respond to Culturenik RFA Nos. 2, 5, 7, 8, 11, 12, 17, and 21; Culturenik Interrogatory No. 1; and Culturenik RFP Nos. 1 and 2. *See* Ex. 6.

[5] For clarity, those remaining requests are Art.com RFA Nos. 1, 5, 8, 11–13, 16–20, and 22–24; Art.com Interrogatory Nos. 5–10; Culturenik RFA Nos. 1, 3, 4, 6, 9, 10, 13–16, and 18–20; and Culturenik Interrogatory Nos. 2–10.

[6] Plaintiff suggests that Defendants have refused to provide discovery on subjects previously covered by the declarations attached to Defendants' motion. Not so. Defendants' May 1 letter merely observed that these declarations, filed *after* Plaintiff served discovery, might have obviated the need for responses to certain of Plaintiff's requests, such as those regarding Defendants' corporate history or evidence of sales of the Photograph. *See* Ex. 4.

Finally, there is no basis for Plaintiff's open-ended request that the Court continue the briefing or hearing schedule for Defendants' motion.  While the Court did not set a specific deadline for Plaintiff to serve discovery, the Court *did* set a deadline for Plaintiff's opposition to the motion—May 22—a date that Plaintiff has been aware of since the March 20 conference. Plaintiff does not deny that he understood in March what issues would be raised by Defendants' motion.  Instead of promptly asking Defendants informally for the limited information that was relevant, Plaintiff waited and then served broad and burdensome formal requests.

Defendants have been candid that they present the pending motion as an efficient means to bring this low-value case to a close.  Plaintiff's actions have imposed considerable additional (and avoidable) burden and expense on Defendants, and a continuance will only further increase such burden and expense.  Given that Defendants have committed to respond to relevant discovery on an expedited basis, there is no reason to continue the dates in the Court's March 20 Order.

DATED:  May 12, 2014                    COVINGTON & BURLING LLP


                                        By:   */s/ Simon J. Frankel*   
                                              Simon J. Frankel

                                              Attorneys for Defendants
                                              ART.COM, INC. and
                                              CULTURENIK PUBLISHING, INC.


DATED:  May 12, 2014                    LAW OFFICES OF TESFAYE W. TSADIK
                                        BIFTU LAW, LLC


                                        By:   */s/ Beniam Biftu*   
                                              Beniam Biftu

                                              Attorneys for Plaintiff
                                              PETE LIVINGSTON

## ECF CERTIFICATION

I, Simon J. Frankel, am the ECF User whose identification and password are being used to file this Joint Letter.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Plaintiff's counsel Beniam Biftu has concurred in this filing.

DATED:  May 12, 2014                    COVINGTON & BURLING LLP


                                        By:  */s/ Simon J. Frankel*
                                             Simon J. Frankel

9