UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE LIVINGSTON,<br><br>   Plaintiff,<br><br>  v.<br><br>ART.COM, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-03748-JSC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 87 |

  Plaintiff Pete Livingston contends that Defendants Jack Allen ("Allen") and his company Dream City Photo Lab ("Dream City") infringed his copyright in photographs of Marilyn Monroe. Presently before the Court is Plaintiff's motion for default judgment against Allen and Dream City, in which Plaintiff seeks an award of statutory damages, attorneys' fees and costs, and an injunction barring any future infringement of Plaintiffs' right to the photographs at issue. (Dkt. No. 87.)

  Plaintiff initiated this action on August 13, 2013 by filing a three-count complaint alleging direct copyright infringement, contributory copyright infringement, and conversion against Allen and Dream City—who purportedly held themselves out as the owners of the photographs at issue and collected royalties for their sale—as well as Defendants Art.com, Culturenik, and Classico—online retailers that reproduced and distributed the photographs to customers. (Dkt. No. 1-1.) Art.com, Culturenik, and Classico entered appearances in the case and, along with Plaintiff, filed consent to proceed before the undersigned magistrate judge. (Dkt. Nos. 5, 14.) Defendants Allen and Dream City, however, failed to appear in the action altogether: they neither filed an answer or other responsive pleading, nor consented to proceed before the undersigned magistrate judge. As a result, the Clerk of Court entered default against Allen and Dream City on November 14, 2013. (Dkt. No. 20.)

In November of 2013, upon the stipulation of the parties, the Court severed Allen and Dream City from the case against Art.com, Culturenik, and Classico in order to address the answering defendants' motion for partial summary judgment. (Dkt. No. 35.) The Court then granted that motion for partial summary judgment, concluding, among other things, that Plaintiff was not entitled to statutory damages under the Copyright Act because the defendants' infringement—including Allen's—began before Plaintiff registered his copyright, and Section 412 of the Copyright Act precludes statutory damages for continuing infringement when the first act of infringing activity occurs pre-registration. *See Livingston v. Art.com, Inc.*, No. 13-cv-03748-JSC, 2014 WL 3404722, at *3-6 (N.D. Cal. July 11, 2014). Indeed, in the opinion, the Court explicitly concluded that there was no genuine dispute that Allen's infringement began prior to registration. *Id.* at *4. The parties thereafter settled and that action is now dismissed. (Dkt. No. 85.)

In the severed action Plaintiff now moves for default judgment against Allen and his company seeking the very same statutory damages the Court already concluded in the related case were unavailable as a matter of law given the pre-registration infringement by Allen and the other defendants. *See Livingston,* 2014 WL 3404722, at *6. The Court may take judicial notice of findings of fact and determinations from related cases. *See Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Notably, the complaint does not conflict with the conclusions the Court reached in the related case; although Plaintiff alleges that he discovered the infringing conduct in 2008 and became aware of further infringement in 2012, he does not allege when the infringement began. (*See* Dkt. No. 1-1.)

What is more, in cases involving requests for default judgment against fewer than all of the defendants in a single action, the Supreme Court has long held that a court should not enter default judgment which is or is likely to be inconsistent with a judgment on the merits as to any answering defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Under *Frow*, "where a complaint alleges that defendants are jointly and severally liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The Ninth

1  Circuit has extended *Frow* to caution against default judgment against some but not all defendants
2  where multiple defendants answering the same complaint have closely related defenses or are
3  otherwise "similarly situated" even if not jointly and severally liable. *Id.*; *see also Shanghai*
4  *Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001)
5  (collecting cases). This rule is meant to prevent inconsistent judgments between the defaulting
6  defendants and the non-defaulting defendants. *See In re First T.D.*, 253 F.3d at 532. The key
7  question to determine if default is proper is whether the facts and theories of the case require
8  uniformity of liability. *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1008-09. Where
9  such uniformity is required, then the Ninth Circuit further instructs that if the answering
10 defendants prevail, the action should be dismissed against both answering and defaulting
11 defendants to avoid an "incongruous and unfair" result. *In re First T.D.*, 253 F.3d at 532.

12 Here, although the defaulting defendants have been severed from the answering
13 defendants, the two sets of defendants are still responding to the same complaint arising out of the
14 same set of facts and grounded in the same legal theories, so the risk of inconsistent judgments
15 with respect to an award of statutory damages in the two related cases appears to remain.
16 Accordingly, it is hereby ORDERED that Plaintiff shall file by December 16, 2014, a
17 supplemental brief addressing why Plaintiff is entitled to statutory damages under the Copyright
18 Act given that the Court has already ruled in a related case against answering defendants that these
19 damages are unavailable to Plaintiff as a matter of law.

20 **IT IS SO ORDERED**.

21 Dated: December 2, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3