1

2

3

4                               UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7     PETE LIVINGSTON,                          Case No.  13-cv-03748-JSC

            Plaintiff,
8
                                                **ORDER SETTING BRIEFING**
9           v.                                  **SCHEDULE ON MOTION TO SET**
                                                **ASIDE ENTRY OF DEFAULT**
10    ART.COM, INC., et al.,
                                                Re: Dkt. No. 95
            Defendants.
11

12

13          Plaintiff Pete Livingston contends that Defendants Jack Allen ("Allen") and Dream City

14    Photo Lab ("Dream City") infringed his copyright in a photograph of Marilyn Monroe.  Presently

15    before the Court is Defendant's motion for default judgment against Allen and Dream City.  The

16    Clerk of Court entered default against Allen and Dream City on November 14, 2013, after the

17    defaulting defendants failed to appear or otherwise defend themselves in this matter since its

18    commencement in August of 2013.  (Dkt. No. 20.)  Plaintiff filed a motion for default judgment on

19    November 19, 2014.  (Dkt. No. 87.)  The Court ordered Plaintiff to submit supplemental briefing

20    on the availability of statutory damages on December 2, 2014 (Dkt. No. 92), which Plaintiff filed

21    on December 16, 2014.  (Dkt. Nos. 93-94.)

22          On December 29, 2014—over one year after the Clerk's office first entered default and

23    over one month after Plaintiff filed a motion for default judgment—Allen, proceeding pro per,

24    filed an opposition to Plaintiff's motion.  (Dkt. No. 95.)  In the opposition, Allen notes that he

25    seeks to set aside the Clerk's entry of default and asks the Court to deny the motion for default

26    judgment.  (*Id.*)  Allen contends that his failure to appear was "was based on misleading

27    information" from Plaintiff's counsel, and he opposes entry of default judgment based on the lack

28    of substantive evidence of infringement; the fact that he never received a cease and desist letter

United States District Court
Northern District of California

1  from Plaintiff; and on the grounds that his company, Dream City, is on the verge of bankruptcy

2  and has no assets.  (*Id.* at 1-2.)

3        Notably, Allen did not challenge the Clerk's initial entry of default, nor did he timely

4  oppose Plaintiff's motion for default judgment.  However, courts have considered late-filed

5  oppositions to motions for default judgment.  *See, e.g.*, *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No.

6  13cv1395-GPC(BLM), 2014 WL 6810663, at *2 n.1 (S.D. Cal. Dec. 2, 2014) (considering the

7  defendant's opposition to the plaintiff's motion for default judgment that was filed 10 days late

8  where plaintiff filed a reply to that opposition).  What is more, courts may treat a defendant's

9  opposition to a motion for default judgment as a motion to set aside entry of default despite the

10  absence of a formal motion.  *See Davies v. Guinn Res. Co.*, 978 F.2d 714 (9th Cir. 1992) (citing 6

11  James W. Moore, Moore's Fed. Practice ¶ 55.101[1] (2d ed. 1985), and *Meehan v. Snow*, 652 F.2d

12  274, 276 (2d Cir. 1988)); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1988)

13  (noting that the court's discretion to set aside entry of default is "especially broad" (citation

14  omitted)); *see, e.g.*, *U.S. v. Approximately $43,029*, No. 06-7421 EDL, 2008 WL 5071106, at *1

15  (N.D. Cal. Dec. 1, 2008).

16        When a party against whom a judgment for affirmative relief is sought has failed to plead

17  or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

18  party's default.  Fed. R. Civ. P. 55(a).  Under Rule 55, an entry of default can only be set aside

19  upon a showing of good cause.  In determining whether to set aside default for good cause under

20  Rule 55(c), the court must consider three factors:  (1) whether the party seeking to set aside the

21  default engaged in culpable conduct that led to the default; (2) whether it had no meritorious

22  defense; or (3) whether setting aside the default would prejudice the other party.  *United States v.*

23  *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  The

24  standard is disjunctive, "such that a finding that any one of these factors is true is sufficient reason

25  for the district court to refuse to set aside the default."  *Id.*  The Ninth Circuit instructs that

26  "judgment by default is a drastic step appropriate only in extreme circumstances; a case should,

27  whenever possible, be decided on the merits."  *Id.*  Here, Allen's two-page opposition appears to

28  touch on some of the *Mesle* factors in a conclusory manner without including relevant facts in a

United States District Court
Northern District of California

declaration.   With respect to culpable conduct, Allen contends that he immediately contacted Plaintiff's counsel when he was served with the complaint and his failure to appear was a mistake based on that attorney's "misleading information[.]"  (Dkt. No. 95 at 2.)  Regarding meritorious defenses, Allen contends that he never included the photograph at issue in his collection.  (*Id.*) Allen's opposition does not discuss the third *Mesle* factor—the possibility of prejudice to Plaintiff.

Given Allen's expressed intent to set aside the entry of default in this action, it is hereby ORDERED that Allen shall file by January 20, 2015, a formal motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).  Any such motion must conform to the Local Rules of the Court, which require, among other things, that any factual contentions be supported by an affidavit or declaration.  *See* Civ. L.R. 7-5.  Further, Defendant Dream City is advised that a corporation cannot appear pro per.  Civ. L.R. 3-9(b).  Accordingly, should Defendant Dream City wish to join Allen's motion to set aside the Clerk's entry of default, Dream City must retain counsel.  In other words, Dream City does not join the motion to set aside default merely because Allen owns the business.

**IT IS SO ORDERED**.

Dated:  January 6, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3