Jack Allen
12720 Burbank Blvd., Suite 206
Valley Village, CA 91607
Phone: 818-339-1853
Email: dreamcityinc@aol.com

*Defendant In Pro Per*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| **PETE LIVINGSTON, an individual,** | CASE NO.: 13-cv-03748-JSC |
| **Plaintiff,** | **DEFENDANT ALLEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| v. | |
| **ART.COM, INC., et al.,** | |
| **Defendants.** | |

PLEASE TAKE NOTICE THAT as soon as this motion may be heard, at the above identified courtroom of the Honorable Jacqueline Scott Corley Defendant Jack Allen ("Defendant") will and hereby does move the Court to set aside its entry of default pursuant to the Federal Rules of Civil Procedure ("FRCP") 55(c). Defendant's motion is supported by the accompanying memorandum and separately filed declaration, and [proposed] order granting the relief requested. For all the reasons stated, the motion should be GRANTED.

DATED: January 20, 2015              Respectfully Submitted,

                                     By: /jack allen/
                                        Jack Allen
                                        Defendant In Pro Per

1  Jack Allen
   12720 Burbank Blvd., Suite 206
2  Valley Village, CA 91607
   Phone: 818-339-1853
3  Email: dreamcityinc@aol.com

4  *Defendant In Pro Per*

5

6

7

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

10

11 | **PETE LIVINGSTON, an individual,** | **CASE NO.: 13-cv-03748-JSC** |
   |---|---|
12 | **Plaintiff,** | **DEFENDANT ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |
13 | v. | |
14 | **ART.COM, INC., et al.,** | |
15 | **Defendants.** | |
16

17

18  / / /

19  / / /

20  / / /

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

An entry of default under Rule 55 of the Federal Rules of Civil Procedure may be set aside where good cause is shown. Fed. R. Civ. P. 55; *see Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The Court will consider three factors in determining whether good cause exists. 1) whether the party seeking to set aside the default engaged in culpable conduct leading to the default; 2) whether it had no meritorious defense; or 3) whether setting aside the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[J]udgment by default is a drastic step appropriate only in extreme circumstances." *Id*. Any doubt should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

**A.   Defendant Did Not Engage In Any Culpable Conduct**

Defendant did not engage in any culpable conduct. Defendant's failure to timely respond was due, in part, to previous dealings with Plaintiff. Allen Decl. ¶ 2. In around late 2007, Plaintiff accused Defendant of stealing photos of Marilyn Monroe that his photographer shot. *Id*. Soon thereafter, Plaintiff apologized to Defendant via email in which Plaintiff changed his mind about the alleged infringement after instructing Dolores Dietz of Classico, S.F. to cease-and-desist[1] use of the Perutz image at issue. *Id*. In this email, Mr. Livingston reversed his position and granted Defendant permission to use a Perutz image on a Classico product stating: "I here formally forgive any hypothetical issues with regards to you, your studio, copyright and these prints. I much prefer the 'bigger pie theory' of doing business and the style that you and Delores seem to easily manifest." *Id*. at ¶ 2. Ex. A.

Given this discussion, Defendant was surprised when he received the summons and complaint. After being served, Defendant immediately contacted Plaintiff's attorney to inquire as to why he was named in a lawsuit when he did not infringe the copyright at issue and the complaint clearly states that Defendant fully cooperated when Plaintiff ordered Defendant

---

[1] Despite Plaintiff's contentions, Defendant never received a cease-and-desist letter. Allen Decl. ¶ 2.

- 1 -

1  Classico to cease and desist use of the copyright at issue. *Id*. at ¶ 6.

2  Plaintiff's attorney misled Defendant and convinced him that Plaintiff was trying to sue
3  Defendant Art.com because that company had "deep pockets." *Id*. Plaintiff's attorney seemed to
4  think there was a previous association or relationship between Art.com and Defendant Allen.
5  However, Defendant Allen never communicated or did business with anyone at Art.com, nor had
6  any relationship with them. *Id*. After the conversation, Defendant was under the impression that
7  he was a mere incidental defendant and not important to the lawsuit. *Id*. at ¶ 7.

8  Defendant knew he was not infringing and intended to respond to the complaint, however,
9  he was preoccupied with another lawsuit in which he was tasked with executing a friend's estate,
10  which resulted in a two-year long contentious lawsuit. *Id*. During this time, Defendant's mother's
11  health deteriorated and she was placed in a treatment facility due to Alzheimer's disease. *Id*. at ¶
12  8. Defendant became severely depressed and sought treatment, while at the same time dealing
13  with the executor lawsuit. *Id*. Defendant's business Dream City Photo Lab[2], has also been on the
14  verge of bankruptcy since 2013 and he has been fighting to keep it afloat despite having no assets.
15  *Id*. at ¶ 9. With all these issues seemingly piling on Defendant at the same time, Defendant
16  simply did not have the resources or the mental health required to adequately challenge this
17  lawsuit or the default judgment.

18  **B.     Defendant Never Included The Photograph At Issue In His Collection**

19  As previously stated in Defendant's opposition to the motion for default judgment (Dkt.
20  No. 95), there is no evidence that he infringed Plaintiff's copyright. *Id*. at ¶ 3. The photograph
21  referenced in Exhibit B of the complaint is not part of Defendant's Marilyn Monroe photo
22  archive. *Id*. Defendant has eleven (11) photographs in his collection attributed to photographer
23  Carl Perutz which he acquired solely for research purposes and with no licensing intentions. *Id*.

24  Defendant's corresponding data CD, archived in 2004, depicts the 11 photographs. *Id*. at ¶
25  3, Ex. B. Of the 11 photographs, only two are from the "Floppy Hat" series, neither matches the
26  photographs in Exhibit B of Plaintiff's complaint. *Id*.

---

[2] Although the Court classified Defendant Dream City Photo Lab as a corporation, it in fact was suspended as a corporation in 2007, and has been a sole proprietorship ever since. Allen Decl. ¶ 9, Ex. C.

### C.     There Is No Prejudice To Plaintiff

Plaintiff will not suffer any prejudice by setting aside the default judgment against Defendant. As previously stated, Defendant had a good faith and reasonable belief that he was not important to this lawsuit and was an incidental defendant. Plaintiff and his attorney's representations confirmed this, leading Defendant to believe that he did not have to respond to the complaint. Even though he wanted to respond, extraneous circumstances prevented him from devoting his full attention to this matter, and even if he wanted to respond, Defendant did not have the proper resources to do so. Plaintiff will not suffer any prejudice in deciding this matter on the merits and giving Defendant a full and fair opportunity to respond to his allegations.

In fact, entering default against Defendant will result in inconsistent verdicts with the previous order granting defendants' partial motion for summary judgment, considering that the Court already decided that any potential acts of infringement by Defendant Allen occurred prior to Plaintiff registering the work at issue, and thus would not entitle Plaintiff to statutory damages. Dkt. 62 at 6.

### D.     Request To Appear By Telephone

Defendant is acting *in pro per*, living in Southern California, and does not have the resources to personally attend any hearing in this case. Therefore, Defendant respectfully requests to appear at any hearing in this case via telephone.

DATED:  January 20, 2015                         Respectfully Submitted,


                                                 By: /jack allen/
                                                     Jack Allen
                                                     Defendant In Pro Per