IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE LIVINGSTON, | No. 3:13-cv-03748-CRB |
| Plaintiff, | **ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION** |
| v. | |
| ART.COM, INC., ET AL., | |
| Defendants. | |

On April 17, 2015, Magistrate Judge Jacqueline Scott Corley entered an Order and Report and Recommendation suggesting that this Court deny Defendant Jack Allen's motion to set aside the Clerk's entry of default judgment and grant Plaintiff Pete Livingston's motion for default judgment. See generally R. & R. (dkt. 105). In the Report, Magistrate Judge Corley proposed awarding Livingston actual damages in the amount of $120,000, attorneys' fees in the amount of $21,882.25, and $894.10 in costs. Id. Further, Magistrate Judge Corley recommended issuing a permanent injunction barring Allen and his company, Dream City,[1] from engaging in any further infringing conduct related to Plaintiff's photograph, as set forth in the Complaint. Id. For the following reasons, this Court ADOPTS IN PART and MODIFIES IN PART Magistrate Judge Corley's Report and Recommendation.

---

[1] In Allen's Motion to Set Aside Default, he explains that Dream City's corporate status has been suspended and the company is now a sole proprietorship. See Mot. (dkt. 100) at 4 n.2. A sole proprietorship is not legally separate from its owner. See Bd. of Trs. of Laborers Health & Welfare Trust Fund for No Cal. v. Perez, No. C-10-2002 JSW (JCS), 2011 Wl 6151506, at *4 (N.D. Cal. Nov. 7, 2011). Dream City has not separately moved to set aside default in this case.

## I. BACKGROUND

In July 2008, Livingston discovered that Art.com was unlawfully selling copies of a photograph of Marilyn Monroe, which he had registered with the United States Copyright Office on August 3, 2004. Compl. at Ex. A (dkt. 1-1). The photograph in the instant action is a black and white photograph of Marilyn Monroe wearing a large hat with a flower (the "Photograph."). Compl. at Ex. B. Livingston contacted Art.com to request that the company cease any infringing activity, at which point Art.com explained that its vendor, Classico, had permission to sell the photograph based on royalty payments to the purported owner, Jack Allen. Compl. ¶ 16. Shortly thereafter, Livingston contacted Allen to demand that he cease any infringing activity. Id. ¶ 17. Allen apologized and withdrew the Photograph from Classico's collection. Id. ¶ 18. Nevertheless, in October 2012, Livingston discovered that Classico, Art.com, and Culternik continued to infringe upon his copyright. Id. ¶ 19.

On August 13, 2013, Livingston filed a Complaint against Defendants Art.com, Culturenik, Classico, Jack Allen, and Allen's company, Dream City. See generally Compl. Allen and Dream City failed to file a responsive pleading or consent to proceed before Magistrate Judge Corley. In November 2013, Magistrate Judge Corley severed Livingston's claims against Allen and Dream City. See generally Order (dkt. 35). The Clerk of Court entered default judgment against Allen and Dream City on November 14, 2013. See Clerk's Notice (dkt. 20). More than a year later, on January 20, 2015, Allen filed an opposition to Livingston's motion for default judgment, in which he sought to set aside the default. See Opp'n (dkt. 95). Magistrate Judge Corley then issued an order in which she recommended that this Court deny Allen's motion to set aside the Clerk's entry of default judgment and grant Livingston's motion for default judgment. See R. & R. at 28.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(3) provides for de novo review of dispositive magistrate orders. Upon review of a dispositive magistrate order, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

2

1 disposition . . . ." Fed R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)© ("A judge of the
2 court shall make a de novo determination of those portions of the [magistrate's] report or
3 specified proposed findings or recommendations to which objection is made."). The Federal
4 Magistrates Act, 28 U.S.C. § 636 *et seq.*, lists eight types of dispositive motions, but does not
5 include a Motion for Default Judgment. "[A]ny motion not listed, nor analogous to a motion
6 listed in this category, falls within the non-dispositive group . . . ." Maisonville v. F2 Am.,
7 Inc., 902 F.2d 746, 748 (9th Cir. 1990). However, because Magistrate Judge Corley's order
8 recommending default judgment disposed of the issues in the case and therefore is analogous
9 to a motion for involuntary dismissal, a listed motion, see 28 U.S.C. § 636(b)(1)(A), this
10 Court finds that the magistrate order was dispositive. See Ocelot Oil Corp. v. Sparrow
11 Indus., 847 F.2d 1458, 1462 (10th Cir. 1988) ("[m]otions not designated on their face as one
12 of those [dispositive motions] excepted in [section 636] subsection (A) are nevertheless to be
13 treated as such a motion when they have an identical effect") (citations omitted). Thus, the
14 Court considers de novo those portions of Magistrate Judge Corley's disposition that have
15 been properly objected to. See Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

From what this Court can decipher, Allen, appearing pro se, made the following timely objections to Magistrate Judge Corley's Report: (1) Allen never possessed the alleged infringing Photograph, therefore he could not provide the Photograph to Classico, (2) Magistrate Judge Corley contradicted herself by calculating actual damages and attorneys' fees after denying Livingston's request for statutory damages, and (3) actual damages were beyond the scope of profits Allen received from the Photograph. See generally Obj. re R. & R. (dkt. 108). As explained below, the Court rejects Allen's first two objections in their entirety. Regarding Allen's third objection, this Court modifies Magistrate Judge Corley's recommendation by reducing actual damages.

### A. Allen's First Objection

In Allen's first objection, which he titles "Meritorious Defense," Allen alleges that the infringing photograph is not part of his photo collection, therefore he is not responsible for

1  infringement.  See Mot. to Set Aside Entry of Default (dkt. 100) at 2; see also Obj. re R. & R.
2  at 2.

3  As Magistrate Judge Corley correctly notes in her Report, "Allen's eleventh-hour
4  disavowal does not carry much weight."  R. & R. at 10.  While Allen contends that he does
5  not currently possess the infringing Photograph, previous litigation established that Allen
6  entered an agreement in 1996 "whereby Allen purported to grant Classico a license to
7  produce and sell certain products using the images contained in a collection of photographs
8  of Marilyn Monroe, titled Marilyn by Moonlight, which included the Photograph."
9  Livingston v. Art.com, Inc., No. 3:13-cv-03748-JSC, 2014 WL 3404722, at *1, 3.  That
10 Allen began collecting royalties from this agreement indicates, that at a minimum, he led
11 Classico to believe that he was the true owner.  Id. at *3.  Moreover, Allen has offered no
12 evidence, beyond his conclusory statements, to counter Livingston's contention that Allen
13 was the critical link in supplying the Photograph to Classico.  See R. & R. at 8 ("[T]he
14 Complaint alleges a clear relationship between the appearing Defendants and Allen: when
15 Plaintiff first discovered infringement . . . Art.com 'asked [its] vendor[, Classico] to confirm
16 they are authorized to sell the Monroe Pictures[, and] Classico [] responded that Jack allen
17 owned the image and they pay him a royalty.'").  Allen's contention that he does not own
18 the Photograph and cannot be responsible for the resulting infringement is without merit.

19 **B.   Allen's Second Objection**

20 Allen's second objection contends that Magistrate Judge Corley's Report contradicts
21 itself by denying Livingston's request for statutory damages but then later grants Livingston
22 actual damages.  See Obj. re R. & R. at 3.

23 Allen appears to be conflating two different infringement remedies: statutory damages
24 and actual damages.  Under 17 U.S.C. § 412, statutory damages are only available if
25 infringement occurs after the date of copyright registration.  With respect to Art.com,
26 Culturenik, and Classico, Magistrate Judge Corley correctly concluded that Livingston was
27 not entitled to statutory damages because the Defendants' acts of infringement occurred prior
28 to the August 2004 registration of Livingston's copyright.  See R. & R. at 15.  Similarly,

4

Magistrate Judge Corley reasoned that because Allen's acts of infringement also began prior to the requisite date of copyright registration, Livingston is not entitled to statutory damages from Allen or Dream City. Id. at 16. Nevertheless, Magistrate Judge Corley's denial of statutory damages does not preclude an award for actual damages. To the contrary, under 17 U.S.C § 504(b), Livingston is entitled to recover actual damages and any additional profits that Allen realized from his acts of infringement. Furthermore, under 17 U.S.C. § 505, this Court may award reasonable attorneys' fees and costs to the prevailing party. Accordingly, this Court rejects Allen's assertion that Magistrate Judge Corley incorrectly awarded actual damages and attorneys' fees.

### C. Allen's Third Objection

Allen also objects to the amount of actual damages recommended in Magistrate Judge Corley's Report. See Obj. re R. & R. at 3. According to Allen, his profits from the Photograph were much lower than those proposed by Livingston. Id. at 4. Rather than the $225,940.44 Livingston asserts, Allen alleges he received approximately $731.16 in royalties from sales of the Photograph. Id.

To receive actual damages, Livingston must prove actual damages that resulted from infringement, and may also recover any profits Allen received. See 17 U.S.C. § 504(b). Magistrate Judge Corley's recommendation of $120,000 in actual damages was necessarily speculative in light of the lack of information provided by the parties. See R. & R. at 17–19. Magistrate Judge Corley's recommendation appears, in part, to be based on misinformation provided by Livingston, in which he represents total sales relating to the Photograph as if they were royalties paid to Allen from January 1, 2009 to December 31, 2013. See Livingston Decl. ¶ 7. While Livingston may have been entitled to the total sales figure from the other Defendants in this matter, from Allen, Livingston is only allowed the percentage of the total sales that Allen received as a royalty. See R. & R. at 17 ("The Copyright Act provides that a copyright owner is entitled to recover his actual damages and any additional profits that Allen realized."); see also Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 434 (1984). Based on the quarterly earnings statement submitted by Allen, it

5

appears as if Allen received 8% of the gross revenue for the Photograph. <u>See</u> Obj. re R. & R. at Ex. A.

Assuming Allen began infringing activities on November 18, 1996, the date in which the Classico-Allen licensing agreement was executed, and ceased infringement around December 31, 2013, Allen is liable for infringement for approximately sixty-eight quarters.[2] <u>See</u> R. & R. at 18. Based on Allen's exhibit, it appears as if Allen was paid a royalty of 8% of the total sales of the Photograph. During the dates for which there is data relating to total sales, specifically January 1, 2009 through December 31, 2013, sales averaged $3,322.65 per quarter. <u>See</u> Livingston Decl. ¶ 7; <u>see also</u> R. & R. at 18. Applying the mean-sales amount to all sixty-eight infringing quarters results in estimated gross revenue of $225,940.20 for sales relating to the Photograph. Considering Allen appeared to receive 8% of total sales as a royalty, Livingston is entitled to 8% of $225,940.20, or $18,075.22.

Accordingly, this Court reduces the amount suggested by Magistrate Judge Corley and awards Livingston actual damages in the amount of $18,075.22.

## IV.  CONCLUSION

For the foregoing reasons, the Court ADOPTS all of Magistrate Judge Corley's Report and Recommendation save and except for the award of actual damages, which this Court modifies to $18,075.22. Livingston is to be awarded attorneys' fees in the amount of $21,882.25 and $894.10 in costs, and is to file by July 24, 2015 a proposed permanent injunction barring Allen and Dream City from engaging in any further infringing conduct related to the Photograph.

**IT IS SO ORDERED.**

Dated: July 15, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] This Court has excluded the period of time between November 18, 1996, the date on which the Allen-Classico licensing agreement was signed, and December 31, 1996, in this calculation. Neither party has submitted evidence indicating meaningful sales of the Photograph during this brief period.